UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE)

*ELECTRONICALLY FILED*

| | |
|---|---|
| **MARILYN HARRIS,** | ) Civil Action No. 3-11-cv-708-H |
| | ) |
| Plaintiff, | ) Judge _____ |
| | ) |
| v. | ) **NOTICE OF REMOVAL OF CIVIL** |
| | ) **ACTION WITH CERTIFIED COPY** |
| **BURGER KING CORPORATION.** | ) **OF JEFFERSON COUNTY CIRCUIT** |
| | ) **COURT CASE FILE AND DECLARATION** |
| Defendant. | ) **UNDER PENALTY OF PERJURY OF** |
| | ) <u>**JENNIFER CRENSHAW ATTACHED**</u> |
| | ) |

Now comes Defendant Burger King Corporation ("Defendant"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Jefferson County, Kentucky Circuit Court, the court in which this case is presently pending, to the United States District Court for the Western District of Kentucky (Louisville). As grounds for this removal, Defendants state as follows.

**LITIGATION FACTS**

1. On or about December 1, 2011, Plaintiff filed a Complaint against Burger King Corporation in the Jefferson County, Kentucky Circuit Court, captioned *Marilyn Harris v. Burger King Corporation*, bearing case number 11-CI-07692.

2. Defendant received the Summons through its statutory agent, CT Corporation, by certified mail on December 5, 2011. The Complaint and Summons are the only pleadings, process, and/or orders that have been filed in this action to date. A certified copy of the complete Jefferson Circuit Court case docket file is attached hereto as Exhibit A.

## PLAINTIFF MARILYN HARRIS' EMPLOYMENT WITH DEFENDANT

3. Plaintiff Marilyn Harris ("Plaintiff") was first employed at Defendant's restaurant located at 11300 Preston Highway, Louisville, Kentucky 40229 in Louisville, Kentucky on September 11, 2006. (Crenshaw Dec. ¶ 3)[1]

4. Plaintiff's employment was terminated on May 24, 2007. (Crenshaw Dec. ¶ 4)

5. At the time of Plaintiff's termination, her rate of pay was $7.00 per hour and she had worked upwards of 39 hours per week. (Crenshaw Dec. ¶ 5)

## CITIZENSHIP OF THE PARTIES

6. Plaintiff asserts that she is a resident of Jefferson County, Kentucky and was a resident of Jefferson County, Kentucky at all times relevant to the Complaint. (Compl. ¶ 1)

7. Defendant is incorporated in the State of Florida. (Crenshaw Dec. ¶ 2) Its officers direct, control, and coordinate the corporation's activities from Miami, Florida, which is Defendant's principal place of business, or nerve center. (Crenshaw Dec. ¶ 2) *See The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"). Therefore, Defendant is a citizen of the State of Florida.

8. In light of the fact that Defendant is not a citizen of the Commonwealth of Kentucky for purposes of 28 U.S.C. § 1332(c)(1), this action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

---

[1] The Declaration Under Penalty of Perjury of Jennifer Crenshaw Pursuant to 28 U.S.C. § 1746 is attached hereto as Exhibit B.

## AMOUNT IN CONTROVERSY

9. The amount in controversy is to be determined based on the Plaintiff's complaint at the time the notice of removal is filed. *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

10. Although Plaintiff has not specifically alleged damages in excess of $75,000.00, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages are in excess of such jurisdictional amount. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

11. Plaintiff claims that she was discriminated against because of her race in violation of KRS § 344.040, harassed because of her race in violation of KRS § 344.040, retaliated against because she complained about race discrimination and harassment in violation of KRS 344.280, and retaliated against because she attempted to file a workers' compensation claim in violation of KRS 342.197. (Compl. ¶¶ 60-87) Additionally, Plaintiff alleges three additional claims: (1) wrongful discharge; (2) promissory estoppel; and (3) gross negligence. (Compl. ¶¶ 95-99) Plaintiff further alleges that she has suffered damages, including "lost wages and benefits attendant to her employment, emotional distress, embarrassment and humiliation, loss of dignity and prestige, lost wages in the future and permanent impairment of her ability to earn monies in the future." (Compl. ¶ 101) Part of Plaintiff's alleged lost wages include a purported reduction in hours during the course of her employment with Defendant. (Compl. ¶ 19) Furthermore,

Plaintiff alleges that she is entitled to punitive damages and attorney's fees. (Compl. ¶ 102 and Prayer for Relief)

12. The Kentucky statute prohibiting discrimination on the basis of race provides recovery of actual damages, costs, and reasonable attorney's fees. KRS 344.450. The Kentucky Workers' Compensation statute provides for recovery of "the actual damages sustained by [a plaintiff], together with the costs of the lawsuit, including a reasonable fee for [her] attorney of record." KRS 342.197. "Actual damages" under both statutes have been defined to include emotional distress, humiliation, and embarrassment. *See Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008). Plaintiff's tort claims potentially make traditional tort remedies available as well.

13. Plaintiff alleges damages for wrongful discharge in an amount which exceeds the minimum amount necessary to confer jurisdiction upon the Jefferson Circuit Court, punitive damages in an amount which exceeds the minimum amount necessary to confer jurisdiction upon the Jefferson Circuit Court, and "[a]ll other relief to which Plaintiff may be entitled." (Compl. ¶¶ 4, 101, 102, and Prayer for Relief) The minimum to confer jurisdiction on the Jefferson Circuit Court is $5,000.00.

14. As explained herein, at the time of Plaintiff's termination, she was employed earning $7.00 per hour and working up to 39 hours per week. Assuming that Plaintiff worked only thirty hours per week between the date of her termination (May 24, 2007) and the present, Plaintiff could have earned, at a minimum, $49,980.00 in straight time wages and potential wage increases that she could have earned during this period. (Crenshaw Dec. ¶ 7) When Plaintiff's

request for punitive damages,[2] damages for the "actual damages" of emotional distress, humiliation, and/or embarrassment, and costs and attorney's fees are also considered, Plaintiff's damages, if she were to be successful at trial, would be in excess of $75,000.

15. While Defendant specifically denies Plaintiff's claims and/or entitlement to all of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's claim for damages exceeds $75,000.00.

## REMOVAL

16. Because there is complete diversity of citizenship between the parties and the Complaint reflects an amount in controversy in excess of $75,000.00, the United States District Court for the Western District of Kentucky (Louisville) has original jurisdiction over this matter.

17. Pursuant to 28 U.S.C. § 1441, *et seq.*, the right exists to remove this case to the United States District Court for the Western District of Kentucky (Louisville), which embraces the place where the action is currently pending.

18. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of receipt of the Summons and Complaint in this matter.

19. As required by 28 U.S.C. § 1446(d), Defendant shall promptly file a copy of this Notice of Removal with the Jefferson County, Kentucky Circuit Court, and serve copies of this Notice of Removal on Plaintiff's counsel.

WHEREFORE, Defendant Burger King Corporation respectfully requests that the above-entitled action now pending in the Jefferson County, Kentucky Circuit Court, be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this

---

[2] A plaintiff's demand for punitive damages may be considered in the calculation of the estimated amount in controversy when the plaintiff fails to specifically plead with regard to the amount in controversy when, as in this case, attorney's fees are mandated or expressly allowed by statute. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 374-77 (6th Cir. 2007).

5

action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this court.

Respectfully submitted,

OF COUNSEL:

Edward M. Cherof
JACKSON LEWIS LLP
1155 Peachtree Street N.E.
Suite 1000
Atlanta, GA. 30309-3600
(404) 525-8200 – telephone
(404) 525-1173 - facsimile

/s/ Katharine C. Weber
Katharine C. Weber (KBA 83370)
JACKSON LEWIS LLP
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202
(513) 898-0050 - telephone
(513) 898-0051 – facsimile
e-mail: katharine.weber@jacksonlewis.com

*Counsel for Defendant Burger King Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 22nd day of December 2011, via regular U.S. Mail and Electronic Mail upon the following:

Ninamary Buba Maginnis
Maginnis Law Office
2212 Bradford Drive, Suite 102
Louisville, Kentucky 40218
ninamary@maginnislawoffice.com

*Attorney for Plaintiff*

/s/ Katharine C. Weber
Katharine C. Weber

4831-8424-3214, v. 1