UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-708-H

MARILYN HARRIS                                                                                    PLAINTIFF

v.

BURGER KING CORPORATION                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marilyn Harris ("Harris"), filed this action in Jefferson Circuit Court alleging claims under Kentucky common law and statutes against her former employer, Burger King Corporation ("Burger King" or "Defendant"). Burger King removed the case to federal court, invoking diversity jurisdiction. *See* 28 U.S.C. §§ 1332 and 1441. Now before the Court is Plaintiff's motion to remand the action to state court for lack of subject-matter jurisdiction. 28 U.S.C. § 1447.

A federal court may assert jurisdiction over a civil action when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Harris has moved for remand on the grounds that the amount in controversy in this action does not meet the jurisdictional minimum. Typically, the amount of damages specified in a complaint controls the amount-in-controversy analysis, *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), but a complaint filed in Kentucky courts may not plead a specific sum for damages. Ky. R. Civ. P. 8.01(a). Where the amount of damages is unspecified, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Everett*, 460 F.3d at 822.

The Complaint seeks recovery of damages for alleged discrimination Harris suffered in the workplace under both statutory and common law causes of action. These damages include back pay starting from her alleged unlawful termination in 2007, back pay from the alleged unlawful reduction in her working hours during her term of employment, lost wages from impairment of her ability to earn money in the future, emotional distress, humiliation, and embarrassment. *See* Complaint 17. Plaintiff also seeks punitive damages and an award of attorney's fees. *Id.*

The parties disagree as to an appropriate estimation of the value of Plaintiff's claim for back pay. Even accepting Plaintiff's contention that back pay damages are only about $10,000, the claims for future lost wages, reduced hours during employment, emotional damages, punitive damages and attorney's fees clearly puts the amount in controversy above $75,000. Furthermore, in a pre-litigation letter, Plaintiff demanded $500,000 from Defendant in consideration for resolving all claims, evidencing an amount in controversy well above the jurisdictional minimum. *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1324 (N.D. Okla. 2003) (holding that a demand letter can serve as a basis for a defendant's knowledge that the amount in controversy exceeds the jurisdictional minimum and the case is removable) (citing *Cent. Iowa Agri-Sys. v. Old Heritage Adver. & Publishers, Inc.*, 727 F.Supp. 1304, 1305-06 (S.D. Iowa 1989)).

Plaintiff argues that the case should be remanded because she has stipulated that "the evidence available in this case supports a claim for damages that is less than $75,000.00." Pl.'s Stip. 1. However, this language falls well short of "the unequivocal statement and stipulation limiting damages" necessary to effectively limit a potential judgment, leaving the amount in

controversy in excess of $75,000. *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). Plaintiff's statement regarding the available evidence does not foreclose with any certainty that Defendant could be held liable for more than $75,000. Defendant has met its burden as to the amount in controversy and the Court concludes removal was proper pursuant to this Court's exercise of diversity jurisdiction.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand this action to Jefferson Circuit Court is DENIED.

cc: Counsel of Record